[Civ. No. 17249.   Second Dist., Div. One.   June 25, 1951.]

MOODY INSTITUTE OF SCIENCE (a Corporation), Respondent, v. COUNTY OF LOS ANGELES et al., Appellants.

Harold W. Kennedy, County Counsel, Andrew O. Porter, Deputy County Counsel, Ray L. Chesebro, City Attorney, and Louis A. Babior, Deputy City Attorney, for Appellants.

Mackay, McGregor, Reynolds & Bennion, A. Calder Mackay and F. Edward Little for Respondent.

DRAPEAU, J.—Plaintiff filed its complaint, alleging that it was a religious nonprofit corporation, and, as such, its property was exempt from taxation, under the provisions of section 1c, article XIII of the Constitution of California, and section 214 of the California Revenue and Taxation Code, and that the county tax collector had denied plaintiff's claim of exemption, requiring plaintiff to pay under protest $1,475.79 taxes for the year 1947.

The case was tried without a jury, resulting in findings of fact and judgment for plaintiff for the recovery of the taxes thus paid.

From this judgment the county of Los Angeles and the city of Los Angeles appeal.

Appellants state that the sole question involved is: "Was plaintiff's property properly taxed where it was not irrevocably dedicated to religious, hospital, or charitable purposes as required, but instead its Articles of Incorporation authorized diversion of its property to non-exempt educational purposes?"

Plaintiff's articles of incorporation empower it to study the relationship between science and the Bible, and to encourage a faith in and acceptance of that sacred volume; to spread and teach the results of its study and research by classroom instruction, books and pamphlets, by radio, television, and moving and still pictures; to receive and hold money and property for these purposes; "and for other religious, scientific and educational purposes."

Do the words quoted take this corporation out of the class defined by statute for exemption?

Constitutional provisions and statutes granting exemption from taxation are strictly construed to the end that such concession will be neither enlarged nor extended beyond the plain meaning of the language of the law. This rule does not require that the narrowest possible meaning be given to words descriptive of the exemption. A fair and

reasonable interpretation is all that is required. (*Cedars of Lebanon Hospital* v. *County of Los Angeles,* 35 Cal.2d 729 [221 P.2d 31].)

█ If the articles of incorporation permit not only a present use for but also the ultimate and permanent diversion of its assets to nonexempt purposes no exemption may be allowed. (*Pasadena Hospital Assn.* v. *County of Los Angeles,* 35 Cal.2d 779 [221 P.2d 62].)

█ Property devoted to educational purposes is not exempt from taxation. (Rev. & Tax. Code, § 214(6).)

Respondent contends: (a) That its articles of incorporation are divided into two parts, one, its purposes, and, two, its powers; that its purposes are such as to irrevocably devote its property to religious uses; and that the power to hold property for educational uses is controlled by the purposes. And, (b) in any event, the findings of the trial court are conclusive upon review.

█ The statutory requirement of irrevocable dedication is determined by the powers of the corporation, as disclosed in its articles of incorporation. (*Pasadena Hospital Assn.* v. *County of Los Angeles, supra.*) The cases do not support the proposition that to determine tax exemption there is a distinction between purposes and powers in articles of incorporation.

█ Turning to plaintiff's argument with respect to the conclusiveness of the court's findings. The clerk's transcript shows that no testimony was presented by defendant, and the case was submitted and decided upon plaintiff's articles of incorporation, introduced in evidence by plaintiff. In such circumstances the findings are but conclusions of law. From uncontroverted facts a reviewing court may draw its own conclusions. (*San Diego Trust & Sav. Bank* v. *San Diego,* 16 Cal.2d 142 [105 P.2d 94, 133 A.L.R. 416]; *Richter* v. *Walker,* 36 Cal.2d 634 [226 P.2d 593].)

█ Applying the foregoing rules to the corporate power of plaintiff to receive and hold money and property for religious purposes, and "for . . . scientific and educational purposes," it becomes manifest that it was not entitled to exemption from taxation.

The judgment is reversed.

HANSON, J. pro tem.—I concur in the judgment of reversal as I am of the view that in principle the decision of the Supreme Court in *Pasadena Hospital Assn.* v. *County of*

*Los Angeles,* 35 Cal.2d 779 [221 P.2d 62], controls here. It is true, as respondent contends, that there are differences of fact between that case and this but they do not appear to be of such character as to call for the application of a different rule. The decision in the Pasadena case turned on the fact that the articles of incorporation of the Pasadena Hospital stated that the objects and purposes were to "establish, maintain and carry on . . . a hospital for the sick and injured . . . or any other lawful purpose where pecuniary profit is not the object thereof . . ." As the property under the articles could be used for "lawful purposes" other than "hospital purposes" it was held that there was not by the articles an irrevocable dedication of the property solely to hospital purposes. In the case before us the articles of incorporation of the Moody Institute set forth the objects and purposes under three subheads, the last of which is 3(c) reading as follows: "To receive by gift or otherwise hold, invest, distribute, and expend moneys and property for the purposes stated in the foregoing paragraphs, and for other religious, scientific, and *educational purposes.*" (Italics supplied.)

From the foregoing quotation it is apparent that any property held by the Moody Institute is not by its articles "irrevocably dedicated" to religious and scientific purposes alone, but to "religious, scientific and educational purposes." Property which "is held by or used as an educational institution" is not accorded an exemption from taxation under the statute. As the articles of the Moody Institute would permit it to transfer the property to an educational institution to be held or used for educational purposes rather than religious or scientific purposes the articles do not irrevocably dedicate the property to the latter purposes. To achieve that result in the future Moody Institute will have to amend its articles at least to the extent of striking out the word "educational" as a part of its purposes. By so doing it may still carry on, as I see it, the work it is now doing, and yet be entitled to the tax exemption. The statute to be sure expressly excludes from its benefits educational institutions, religious or secular. However, I do not understand that such an exclusion applies to property used in educational work carried on as an incident to a scientific or religious purpose. The difficulty with respondent's articles is that they are too wide in their sweep under the holding in the Pasadena case. Were it not for the Pasadena case I would dissent on the ground that I believe that the language of the articles of a corporation is not alone the controlling factor, but that the use to which the property

has been and is being put is equally as important, if not controlling. To my mind articles which can be amended overnight do not spell out "irrevocable dedication" as to objects and purposes. Inasmuch as the statute does not grant a perpetual exemption, but only a year's exemption upon annual applications the present use rather than a possible future use would seem to be the controlling factor.

WHITE, P. J.—I dissent.

The parties have resolved their controversy here to turn principally and solely on the issue of whether plaintiff's property is "irrevocably dedicated to religious . . . purposes" or whether under plaintiff's articles of incorporation, diversion of its taxed property to educational (nonexempt) purposes is authorized.

In the case of *Serra Retreat* v. *County of Los Angeles*, 35 Cal.2d 755, 758 [221 P.2d 59], the Supreme Court cogently says:

"The rule of strict construction applies to the welfare exemption law and the institution seeking to benefit must clearly show that it comes within the terms thereof; *but adherence to this rule does not require so rigid and narrow an interpretation of the exempting language as to defeat the apparent design of the lawmakers. In short, there must be a strict but reasonable construction of this law as applied to the particular facts at hand.*" (Italics added.)

Therefore, it seems apparent and manifest that the exemption of property used exclusively for "religious . . . purposes" should be held to include any purposes which are incidental to and reasonably necessary for the accomplishment of religious purposes.

Defendant does not maintain that plaintiff is not now using its property for purely religious purposes, but seems apprehensive lest the latter's property may subsequently be put to an educational use, which does not qualify, and thereby abuse the exemption.

To me, this apprehension appears groundless and unwarranted. Such an exigency, should it arise, is provided for in the welfare exemption act itself. Under the terms thereof (Rev. & Tax. Code, § 254.5) it is provided that in order to qualify for exemption an application in affidavit form must be filed with the assessor on or before April 1 *each* year. If at any time plaintiff's property was diverted to nonexempt

uses, its exemptions would be immediately eliminated or curtailed.

The material parts of plaintiff's articles of incorporation provide as follows:

"3. The purposes for which this corporation is formed are exclusively as follows:

(a) To conduct studies by literary research, by laboratory research, by field research and any and all other appropriate means for the purpose:

(1) of establishing the relationship between the facts and teachings of science and the facts and teachings of the Bible;

(2) of encouraging a faith in and acceptance of the Bible as the infallible Word of God;

(3) of preparing an able and adequate presentation of the facts and teachings of the Bible as an alternative to Godless materialism with a standard of accuracy and excellence that shall assure its acceptance by institutions of learning both Christian and secular; and

(4) of devising ways and means of utilizing modern scientific devices and techniques as aids to the propagation of the gospel throughout the world;

and to this end to establish and maintain libraries and laboratories and to conduct field trips, and to do all other things appropriate to the purpose hereinabove stated."

I am not unmindful of section 214(7) of the act, which provides that "This section shall not be construed to enlarge the college exemption or to extend an exemption to property held by or used as an educational institution of less than collegiate grade"; but this section plainly has reference to secular and not religious education. How would it be possible to disseminate a study of religion other than by the process of education? To hold otherwise would be to prohibit exemption of a religious institution maintaining Bible classes for education in religion. Plaintiff's articles of incorporation plainly irrevocably dedicate its properties to the teaching of a philosophy of religion—of man's utter dependability upon Almighty God in whatever achievements he may attain in the field of science. Whatever educational activities plaintiff may engage in under its articles of incorporation are solely and absolutely incidental to its religious purposes. If preparation and presentation "of the facts and teachings of the Bible as an alternative to Godless materialism" does not constitute an irrevocable dedication to reli-

gious purposes, it would be difficult indeed to conceive of a dedication that could be characterized as religious.

As I read the case of *Pasadena Hospital Assn.* v. *County of Los Angeles,* 35 Cal.2d 779 [221 P.2d 62], relied upon in the prevailing opinion, I am persuaded that it is not controlling here. In the case just cited, the articles of incorporation stated the objects and purposes to be not only the establishment and maintenance of a hospital but "any other lawful purpose where pecuniary profit is not the object thereof," thereby permitting the property to be used for "lawful purposes" other than "hospital purposes"; while in the case now under consideration, plaintiff's articles of incorporation permit the use of its property for "educational purposes" only insofar as such educational activities refer and are incidental to the promulgation of its "religious purposes."

It therefore follows that the trial court properly concluded that plaintiff's property was entitled to the welfare exemption and the judgment should be affirmed.

Respondent's petition for a hearing by the Supreme Court was denied August 23, 1951. Carter, J., voted for a hearing.