[Civ. No. 22208.   Second Dist., Div. One.   July 25, 1957.]

SOLHEIM LUTHERAN HOME (a Corporation), Respondent, v. COUNTY OF LOS ANGELES et al., Appellants.

Harold W. Kennedy, County Counsel, Alfred Charles De Flon, Deputy County Counsel, Roger Arnebergh, City Attorney (Los Angeles), and Spencer L. Halverson, Deputy City Attorney, for Appellants.

Milnor E. Gleaves for Respondent.

WHITE, P. J.—Plaintiff is a nonprofit California corporation duly organized in accordance with the General Nonprofit Corporation Law of this state (Corp. Code, §§ 9000, 9200 et seq.), for the primary purpose of establishing, maintaining, endowing, and carrying on a home for aged men and women of the Lutheran faith, and for such other persons as might be selected by its board of directors. The membership of said

plaintiff corporation consists of the voting members of the congregations belonging to the California District of the Evangelical Lutheran Church, and the principal office of the plaintiff is located in the city of Los Angeles, where such a home was in fact being maintained by the corporation during the fiscal year 1955-1956 in accordance with the corporate articles in effect at that time.

On March 14, 1955, plaintiff filed with the county assessor, a written claim for the welfare exemption from taxes for said fiscal year, pursuant to the provisions of section 214 of the Revenue and Taxation Code. The claim was denied by the assessor on the ground that the property of plaintiff corporation was not "irrevocably dedicated" to religious, charitable, or hospital purposes as required by subdivision 6 of said code section 214. Plaintiff thereupon instituted this action for recovery of said taxes paid under protest. Defendants filed a general demurrer to the complaint, which was overruled. Upon failure of defendants to plead further to said complaint, judgment was rendered against each defendant as prayed for in plaintiff's complaint. From such judgment defendants present this appeal.

It is conceded that the sole legal issue involved in this appeal is whether under respondent's articles of incorporation, the property here in question "is irrevocably dedicated" to a charitable purpose within the meaning of subdivision 6 of section 214 of the Revenue and Taxation Code, which provides:

"(6) The property is irrevocably dedicated to religious, charitable, scientific, or hospital purposes and upon the liquidation, dissolution or abandonment of the owner will not inure to the benefit of any private person except a fund, foundation or corporation organized and operated for religious, hospital, scientific, or charitable purposes;".

Insofar as here pertinent, respondent's corporate articles provide:

## "Article Second

"The purposes for which this corporation is formed are:

"(a) For the establishing, maintaining, endowing and carrying on in the City of Los Angeles, State of California, and in such other places as the Board of Directors may hereafter designate, a Christian home or homes for aged men and women of the Lutheran faith and such other worthy persons as may be selected by the Board of Directors of the said Home, giving preference to those residing within the area of the Cali-

fornia District of the Evangelical Lutheran Church, but not necessarily limiting the persons to such place of residence; the foregoing is the primary business in which the corporation is intended to initially engage;

"(b) To engage in any one or more other businesses or transactions which the Board of Directors of this corporation may from time to time authorize or approve, whether related or unrelated to the business described in (a) above or to any other business then or theretofore done by this corporation.

"Article Third

"This corporation is organized pursuant to the General Non-Profit Corporation Law of the State of California.

"Article Fifth

"The property of the corporation is irrevocably dedicated to religious, charitable or hospital purposes, and upon the liquidation, dissolution or abandonment of the owner will not inure to the benefit of any private person, but shall be distributed to the Evangelical Lutheran Church or its successor, a corporation organized and operated for religious purposes."

It is the position of appellants that pursuant to its articles of incorporation respondent is empowered to devote and apply its property to any proper nonprofit corporate purpose; that because of this broad power its property cannot reasonably be considered to be "irrevocably dedicated" exclusively to welfare purposes, that is, to religious, hospital or charitable purposes.

As opposed to the foregoing contention, respondent takes the position that its articles of incorporation as they stood during the tax year 1955-1956, through the provisions of "Article Fifth" thereof, impressed an irrevocable charitable trust upon all property of said corporation, and that while "Article Second," subsection (b), authorized it to engage in other businesses unrelated to its primary business of conducting a home for the aged, in addition to said primary business, the ultimate proceeds of such other businesses were of necessity impressed with the same trust and could not be diverted to nonexempt purposes.

We are persuaded that respondent's contention must be sustained. ▮ It is now settled law in this state that the requirement that property be irrevocably dedicated to religious or charitable purposes is concerned with purposes rather than uses (*Pasadena Hospital Assn.* v. *County of Los*

*Angeles,* 35 Cal.2d 779, 785 [221 P.2d 62]). Therefore, to ascertain whether or not there has been an irrevocable dedication of the claimant's property to exempt purposes, we must of necessity go to the ultimate purpose to which said property, or its proceeds, will or can be put (*Pasadena Hospital Assn.* v. *County of Los Angeles, supra,* p. 785).

■ It is true, as contended by appellant, that respondent's articles of incorporation permit it to engage in such other businesses as its board of directors may authorize or approve, whether such businesses are related or not to its primary business of operating an old folks home. Standing alone, this provision would manifestly authorize the corporation to engage in activities of any lawful, nonprofit purpose, whereas the welfare exemption does not extend to *all* lawful nonprofit purposes, and, in fact, expressly excludes certain ones such as fraternal, lodge, or social purposes unless "clearly incidental" in nature (Rev. & Tax Code, § 214, subd. (5)). However, the foregoing provision of respondent's articles must be read in conjunction with Article Fifth, which is a limitation upon the foregoing provisions of section (b) of Article Second. When so considered, the inevitable result is that any ultimate proceeds of *any activity* authorized by Article Second, are impressed with a trust by Article Fifth, for exempt purposes. It therefore follows that neither respondent nor its successor could legally divert its assets to any purpose other than a religious or charitable one, and said property was therefore "irrevocably dedicated" to exempt purposes within the meaning of the welfare exemption.

The critical factor is the powers of respondent with respect to its properties. We are satisfied that in the case now engaging our attention, respondent's powers are limited solely to the accomplishment of its *exempt* religious and charitable purposes. Within its corporate powers its activities can only be exempt activities. As declared in its articles of incorporation, respondent is organized solely for religious and charitable purposes, and by the very terms of its articles, when read in their entirety, is irrevocably dedicated to such purposes or hospital purposes. In fact, an express declaration of irrevocable dedication appears in respondent's Article Fifth.

As we view the instant case, we are satisfied it is governed by the rules enunciated in *Pacific Home* v. *County of Los Angeles,* 41 Cal.2d 844, 849-853 [264 P.2d 539]; *House of Rest* v. *County of Los Angeles,* 151 Cal.App.2d 523, 528-531 [312 P.2d 392]; *St. Francis Hospital* v. *City & County of San Francisco,* 137 Cal.App.2d 321, 329 [290 P.2d 275]).

The cases of *Pasadena Hospital Assn.* v. *County of Los Angeles, supra,* 35 Cal.2d 779; *Goodwill Industries* v. *County of Los Angeles,* 117 Cal.App.2d 19 [254 P.2d 877], and *Moody Institute of Science* v. *County of Los Angeles,* 105 Cal.App.2d 107 [233 P.2d 51], relied upon by appellants, are easily distinguishable from the case at bar, and for the reasons stated in *Pacific Home* v. *County of Los Angeles, supra,* p. 853, and *House of Rest* v. *County of Los Angeles, supra,* pp. 529-531, are neither applicable or controlling under the facts of the instant case.

The cases of *New York* ex rel. *Metropolitan St. R. Co.* v. *State Board of Tax Comrs.,* 199 U.S. 1 [25 S.Ct. 705, 50 L.Ed. 65, 75], and *Sutter Hospital* v. *City of Sacramento,* 39 Cal.2d 33, 39 [244 P.2d 390], are not helpful because they do not involve the question of irrevocable dedication. The same is true of additional cases cited in appellant's closing brief.

Appellants express apprehension lest respondent's directors might later determine to and did discontinue operation of a home for the aged and devote the property to a use for "purely social purposes, such as card parties, dances, etc."; that respondent directors might further determine "that dues would be charged of the corporate membership of such an amount as to cover merely the cost and expenses of putting on the various functions. If any surplus resulted from these activities it would be given to some charitable, religious or hospital organization." It is argued that in so doing respondent, organized as a nonprofit corporation, would be within its rights pursuant to Corporations Code, sections 9200, 9201, which enumerates the permissible purposes and powers of a nonprofit corporation. In other words, that respondent's property may therefore be ultimately and permanently diverted to social purposes which purposes are not exempt under the so-called welfare exemption. This argument however ignores the purposes for which respondent corporation was formed, as stated in Article Second, subdivision (a), of its articles of incorporation, and that a departure from those purposes, which as above indicated, were solely charitable in nature, would authorize the attorney general to protect the trust status of respondent's properties if they were utilized for any other purpose than the declared charitable or religious purposes set forth in the articles of incorporation and the irrevocable dedication clause therein contained (*In Re Los*

*Angeles County Pioneer Soc.,* 40 Cal.2d 852, 860, 861 [257 P.2d 1]; *Pacific Home* v. *County of Los Angeles, supra,* p. 851).

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.